In the matter of the appeal from the decree of the orphans court of the county of Camden, admitting to probate a certain paper writing as the last will and testament of JOHN W. JOHNSON, deceased.

[Decided January 13th, 1932.]

*Messrs. Boyle & Archer,* for the appellants.

*Mr. Joseph Beck Tyler,* for the respondents.

INGERSOLL, V. O.

After a very careful examination of the testimony, and due consideration of the arguments presented, I concur in the findings of the orphans court, and were it not for the fact that the judge of that court concludes his opinion as follows: "I am of the opinion, and I find as a fact, that the *caveators* have failed in their proof to establish the fact that the will was the result of undue influence, and will dismiss the *caveat* and order the probate of the will," I would advise an affirmance upon that opinion.

However, I deem it necessary to refer to the question of burden of proof.

It is unnecessary to determine whether the circumstances which have been related raise the presumption that undue influence had been exerted by the proponent (*In re Morrisey's Will, 91 N. J. Eq. 480*), as that presumption has been overcome by his denial in a convincing manner. *In re Morrisey's Will, supra; In re Sparks' Case, 63 N. J. Eq. 242.*

I will, therefore, advise an order affirming the order of the orphans court.